IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WENDY PHILLIPPE,** | : | |
| | : | |
| Plaintiff, | : | Case No. 07-CV-700 |
| | : | |
| v. | : | |
| | : | JUDGE MARBLEY |
| **ALLEN COUNTY CHILD SUPPORT,** | : | |
| | : | Magistrate Judge Abel |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This action is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(3) or, in the alternative, to Transfer Venue to the United States District Court for the Northern District of Ohio, Western Division, pursuant to 28 U.S.C. §1404(a) or 28 U.S.C. §1406(a).  For the reasons set forth herein, the Court **DENIES** Defendant's motions.

### II. BACKGROUND

Plaintiff Wendy Phillippe ("Plaintiff" or "Phillippe"), was hired by Allen County Child Support Agency ("Defendant") on September 6, 2006.  Plaintiff alleges that from the very beginning, her employer discriminated against her.  Plaintiff contends that instead of being assigned to one person who would be in charge of her training, as was the Defendant's practice, she was shuffled between multiple people.  Plaintiff also asserts that colleagues and supervisors made many "gender stereotyping" comments, including statements by her supervisor that she needed to be more "ladylike."  On October 26, 2006 Plaintiff was let go without being given a

reason for her termination. Plaintiff alleges that she asked if her termination had anything to do with not being "girly enough," and she asserts that her supervisor did not deny this comment.

On July 23, 2007, Plaintiff filed suit against Defendant in this court for sex discrimination in violation of Title VII of the Civil Rights Act and O.R.C. §§4112.02 and 4112.99. Defendant subsequently moved to dismiss or transfer to the United States District Court for the Northern District of Ohio, Western Division. Plaintiff filed a timely response and Defendant replied. This matter is now ripe for adjudication.

### III. STANDARD OF REVIEW

#### 1. Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(3)

Defendant moves to dismiss Plaintiff's complaint in its entirety for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3). Defendant contends that Plaintiff's Title VII claim is improper in this district pursuant to 42 U.S.C. §2000e-5(f)(3). Section §2000e-5(f)(3) governs venue for claims brought under Title VII. *Washington v. Gen. Motors Corp.,* 2007 U.S. Dist. LEXIS 6624, at *9 (S.D. Ohio Jan. 30, 2007). It states that actions under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. . . ."

Defendant interprets §2000e-5(f)(3) to mean that venue is only appropriate in the judicial district where the majority of alleged actions described by that section took place. Defendant argues that venue in this district is not proper because the events giving rise to Plaintiff's claims all occurred in Allen County, Ohio, her employment records are maintained in Allen County, and

because Plaintiff would be working in Allen County but for the alleged discrimination. Allen County is situated within the boundaries of the Northern District of Ohio.

In support for their argument that venue is not proper, Defendant cites to this court's decision in *Lalor-Brown v. Merrill Lynch*, in which the Court transferred the action from the Southern District of Ohio to the Middle District of Florida. No. 06-CV-631, 2006 U.S. Dist. LEXIS 4660, at *6 (S.D. Ohio Jan. 24, 2006). In *Lalor-Brown*, the court noted that two out of the three venue prongs listed under §2000e-5(f)(3) concerned unlawful actions that had only occurred in Florida. The court also opined that Congress intended for Title VII claims to be litigated close to their source. *Id.* Defendant concludes that because, in this case, none of the three venue restrictions listed by §2000e-5(f)(3) occurred in the Southern District of Ohio, this court should follow its decision in *Lalor-Brown* and transfer the case, if not dismiss it outright.

Plaintiff responds by stating that Defendant has simply misread the statute. The first venue prong in §2000e-5(f)(3) stipulates that a claim may be brought in "<u>any judicial district in the state</u>" in which the unlawful employment practice is said to occur. Plaintiff then makes the simple logical deduction that because Allen County is within the State of Ohio, jurisdiction is therefore proper in any judicial district in the State.

The Court finds that upon review of the record, the Motion to Dismiss pursuant to Rule 12(b)(3) is not well-taken. Defendant has misunderstood §2000e-5(f)(3), as well as this Court's holding in *Lalor-Brown*. The plain language of §2000e-5(f)(3) dictates that any of the three venue prongs listed are grounds for proper venue, as illustrated by the statute's use of the word "or," a word whose purpose is to indicate alternatives. Furthermore, the obvious distinction that Defendant fails to grasp between *Lalor-Brown* and the present case is the fact that the conduct at

3

issue in *Lalor-Brown* occurred in the State of Florida, thereby restricting venue under the first prong of §2000e-5(f)(3) to any judicial district in Florida.  Whereas in the present case, the alleged misconduct all occurred within the State of Ohio, thereby restricting venue under the first prong of §2000e-5(f)(3) to any judicial district in Ohio.

### 2.  Motion for Transfer of Venue Pursuant to 28 U.S.C. §1404(a)

The purposes of transferring a case from one federal district to another, where venue is proper in each, are to permit access to proof with greater ease, to allow witnesses to attend trial, to enhance enforceability of any judgment rendered, and otherwise to permit a transfer when to do so would further the goal of a fair and efficient trial and remove any obstacles thereto. *MJR Intern., Inc. v. American Arbitration Ass'n*, 2007 WL 2781669, at *2 (S.D. Ohio September 24, 2007)(citing *Holiday Rambler Corp. v. American Motors Corp.,* 254 F. Supp. 137 (W.D. Mich. 1966).  When balancing those various factors, however, the Court does not begin with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties or the witnesses. Rather, Plaintiff's choice of a forum is entitled to considerable weight, and, consequently, the party moving for a change of venue must demonstrate that the interests served by 28 U.S.C. § 1404(a) clearly favor a change of venue. *Hanning v. New England Mut. Life Ins. Co.,* 710 F. Supp. 213, 214-15 (S.D. Ohio 1989); *See also, Sun Oil Co. v. Lederle*, 199 F.2d 423 (6th Cir. 1952). Although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Business Services, Inc*., 135 F.3d 389, 413 (6th Cir. 1998).

Defendant argues that out of convenience for the witnesses, and respect for Congressional intent to litigate Title VII matters close to their source, this Court should transfer

venue to the District Court for the Northern District, Western Division.  Without unduly wasting more of this Court's time, the Court will simply point out that Defendant's proposed venue is only thirteen miles closer to the Defendant's office in Lima than this court.  Defendant has in no way explained how the interests of the parties, the witnesses, or of justice require a transfer of venue for a thirteen mile difference in location within the same state.  Thirteen miles is simply insufficient.  This court does not find that the balance of factors weigh in favor of transfer.  Thus, Defendant's Motion to Transfer Venue is denied.

### 3. Motion Dismiss or Transfer Pursuant 28 U.S.C. §1406(a)

Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The Court has already held that venue is proper in this district; thus §1406(a) is inapplicable.  Motion denied.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(3), and Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) and 28 U.S.C. §1406(a) are **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: December 14, 2007**